IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAMELA D. WEHUNT                                                                PLAINTIFF

vs.                                   Civil No. 6:16-cv-06065

CAROLYN COLVIN                                                                  DEFENDANT
Commissioner, Social Security Administration

**ORDER**

**BEFORE** the Court is Defendant's Unopposed Motion to Remand. ECF No. 17.[1] The Plaintiff does not object to this Motion. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. The Court, having reviewed the motion, finds Defendant's Unopposed Motion To Remand should be **GRANTED**.

**1. Background:**

Defendant moves this Court to remand this case for further administrative action. Sentence six of section 205(g) of the Social Security Act, 42 U.S.C. 405(g), provides:

> "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . ."

According to Defendant, remand will allow Plaintiff another opportunity for administrative hearing.

---

[1] The docket numbers for this case are referenced by the designation "ECF No."

**2. Discussion:**

The joint conference committee of Congress, in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act), stated in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Commissioner. The agreement of the joint conference committee was that such procedural defects be considered "good cause" for remand. The committee stated:

> "Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts may review under 205(g) of the Act."

*See*, H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980).

I find that good cause exists for remand and this matter should be remanded so Plaintiff has another opportunity for an administrative hearing.

**3. Conclusion:**

Based upon the forgoing, Defendant's Unopposed Motion To Remand (ECF No. 17) is **GRANTED**, and this is **REMANDED** to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g).

**ENTERED** this **12th day of January, 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE